UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>                Petitioner,<br><br>vs.<br><br>WARDEN VALLEY,<br><br>                Respondent. | Case No. 1:25-cv-000440-BLW<br><br>**INITIAL REVIEW ORDER** |

Inmate Maximiliano Sileoni (Petitioner), who was sentenced in a state court criminal case in 2011, filed a Petition for Writ of Habeas Corpus. Dkt. 1. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER - 1**

Petitioner asserts that his sentence is excessive—"all I did was touch the victim vagina and her breast that all I did and I was given 20 years in prison." Dkt. 1 at 6 (verbatim). The Court liberally construes this claim under the Eighth Amendment.

A review of the Petition leads the Court to question whether Petitioner's claim was filed beyond the one-year statute of limitations period. *See* 28 U.S.C. § 2244(d). In addition, habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). It is unclear whether Petitioner presented an Eighth Amendment claim to the Idaho Supreme Court in a proper manner, or at all.

Because the Cout does not have the state court record to comprehensively review the preliminary procedural issues in this case, the Court will order Respondent to file a response, which may include a motion to dismiss, and to lodge relevant state court records in this matter.

## ORDER

**IT IS ORDERED:**

1. Petitioner must pay the filing fee of $5.00 or submit an application for in forma pauperis status if he has not already done so.

**INITIAL REVIEW ORDER - 2**

2. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 1), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondents, at Mr. Anderson's registered ECF address.

3. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice. The Court will reconsider it after it reviews the state court record and Respondent's response.

4. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

5. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

**INITIAL REVIEW ORDER - 3**

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondents' reply, if any, shall be filed and served **within 14 days** thereafter.

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5.

**INITIAL REVIEW ORDER - 4**

Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondents shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as a Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER - 5**



DATED: December 9, 2025

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER - 6