UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MAXIMILIANO SILEONI,

                    Petitioner,

vs.

WARDEN VALLEY,

                    Respondent.

Case No. 1:25-cv-000440-BLW

**MEMORANDUM DECISION AND ORDER**

Inmate Maximiliano Sileoni (Petitioner), who was sentenced in a state court criminal case in 2011, filed a Petition for Writ of Habeas Corpus. Dkt. 1. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

In the Initial Review Order, the Court identified a potential statute of limitations threshold issue. Dkt. 5. *See* 28 U.S.C. § 2244(d). Respondent Warden Valley (Respondent) has filed a Motion for Summary Dismissal, identifying another threshold issue—the second or successive petitions bar. Dkt. 8. *See* 28 U.S.C. § 2244(b)(3). Petitioner has not filed a response, and the time for doing so has expired.

**MEMORANDUM DECISION AND ORDER - 1**

Having reviewed the Motion for Summary Dismissal, the Court concludes that the Petition for Writ of Habeas Corpus is subject to dismissal with prejudice as untimely.

### 1. Second or Successive Petition

Before an Idaho state prisoner can file a second or successive federal habeas corpus petition challenging the same conviction or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). Case law has clarified that a habeas petition is considered a "second or successive petition" only if the first petition was dismissed with prejudice, whether on procedural grounds or on the merits of the claims. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049 (9th Cir. 2005).

A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, if this Court determines that the second petition meets the criteria for a "second or successive petition" under the statute, this Court has no jurisdiction to consider any aspect of the petition unless the petitioner has first obtained authorization from the Court of Appeals, which must be done prior to the filing of the petition. *See id.*, 274 F.3d at 1274 (holding that district courts lack jurisdiction to consider unauthorized successive petitions).

In the current Petition, Petitioner asserts that his sentence is excessive—"all I did was touch the victim vagina and her breast that all I did and I was given 20 years in

**MEMORANDUM DECISION AND ORDER - 2**

prison." Dkt. 1 at 6 (verbatim). His prayer for relief is "deport me to Argentina ASAP." The Court liberally construes this claim under the Eighth Amendment. *Id*. at 10.

In Case No. 1:21-cv-000283-BLW (Case 283), Petitioner brought a habeas corpus petition asserting that he was being held past his full-term release date and should be deported. The Court dismissed the case, concluding that there was no right to be deported and that the claim of being held beyond his full-term release date was unripe.  Petitioner was notified that he could not bring a claim that he was being held past his full-time release date until his full-term release date passed and he was not actually released.

Case 283 was dismissed, but not with prejudice, because, should Petitioner be held past his full-term release date, he can bring that claim at that time. *See* Case 283, Dkts. 9, 10.

Therefore, because the common request for deportation can be construed as part of the remedy requested rather than a constitutional claim for relief, the Court does not construe this new Petition as second or successive. Therefore, it has jurisdiction to review any aspect of the Petition, including timeliness.

## 2.  Statute of Limitations Standard of Law

Respondent also asserts that the Petition was filed beyond the statute of limitations. The Petition is governed by Title 28 U.S.C. § 2254(d), *et seq*., as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). A federal habeas corpus petition must be filed within one year from several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). *One year* means 366 days, for example, from January 1, 2000, to

MEMORANDUM DECISION AND ORDER - 3

January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA)).

The most common trigger is the first one, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When the Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and a petitioner does not file a petition for writ of certiorari with the United States Supreme Court, finality occurs 90 days later after the opinion or denial. *See* United States Supreme Court Rule 13. "Finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 565 U.S. 134, 149-150 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). Because this particular statutory provision applies only to "pending" actions, the additional 21-, 42- and 90-day time periods associated with the calculation of finality after direct appeal are *not* applied to extend the tolling periods for post-conviction actions. However,

**MEMORANDUM DECISION AND ORDER - 4**

unlike direct appeal "finality," the term "pending" *does* extend through the date of the remittitur.[1]

The federal statute is *not* tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, or between post-conviction finality and any successive collateral review petition. *Id*. Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Petitioner's direct appeal in state court ended on November 19, 2012, when the Idaho Supreme Court denied his petition for review. State's Lodging B-9. Finality of Petitioner's state court judgment occurred 90 days after November 19, 2012, which was February 19, 2013 (with an extension because the ninetieth day fell on a Sunday and encompassed a federal holiday). Petitioner's one-year federal statute of limitations began on February 19, 2013, and ended on February 19, 2014.

Petitioner filed a post-conviction petition in state court in January 2020. State's Lodging C-2. The petition was denied as untimely and unmeritorious. State's Lodgings

---

[1]    *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). "Pending" is determined according to each particular state's law. In Idaho, an appellate case remains pending until a remittitur is issued. *See Cochran v. State*, 133 Idaho 205, 206, 984 P.2d 128, 129 (Idaho Ct. App. 1999).

**MEMORANDUM DECISION AND ORDER - 5**

C-5, C-6. Petitioner filed a post-conviction appeal, but it was dismissed on November 30 2020, for failure to pay the fee to prepare the clerk's record. State's Lodging D-4. Petitioner's 2020 post-conviction action, even if timely, would not have resurrected or restarted the federal statute of limitations that had ended in February 2014. The current Petition, filed in August 2025, is untimely.

In this action, Respondent notified Petitioner that he must show equitable tolling to overcome his untimely filing. Dkt. 8-1 at 14-15. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"). He has not shown that he qualifies for equitable tolling, and nothing in the record suggests he could not have filed a timely habeas corpus action.

Another option to proceed with an untimely petition is to show actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). To qualify for the exception, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 397 (citation omitted). Petitioner has admitted to committing the act that constituted the crime in his Petition for Writ of Habeas Corpus —"all I did was touch the victim vagina and her breast that all I did." Dkt. 1 at 6. He is not actually innocent of the crime.

Construed as a claim that he is actually innocent of his *sentence*, which is the subject of the current Petition, the Court concludes that nothing in the record suggests that Petitioner is actually innocent of the sentence imposed, assuming for the sake of

**MEMORANDUM DECISION AND ORDER - 6**

argument that, under the law, a convicted felon can be actually innocent of a sentence (for example, that the sentence was unlawful under state statute).

The Petition is untimely and no exception to excuse untimeliness is evident from the record. Accordingly, the Court will dismiss the Petition with prejudice.

**ORDER**

**IT IS ORDERED:**

1.      The Motion to Dismiss (Dkt. 8) is GRANTED.

2.      Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED with prejudice.

3.      The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED: June 9, 2026

B. Lynn Winmill
U.S. District Court Judge